IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HELLEN S. NASH                                                                                   PLAINTIFF

Case Number: **4:05CV00845GH**

JEFFREY A. HALL, M.D.          .                                              DEFENDANT

## ORDER

Pending before the Court is defendant's motion to transfer based on forum non conveniens. Plaintiff, a resident of Pocahontas, Randolph County, Arkansas, filed this medical malpractice action against defendant, who at the time of the incident was a resident of Pocahontas. Defendant now resides in Phoenix, Arizona. He contends that the case should be transferred to the Jonesboro Division where the surgery occurred, and where many of the witnesses reside (including plaintiff). Defendant asserts that there is no connection between this case and the Western Division.

Pursuant to 28 U.S.C. § 1404(a) a court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses, in the interest of justice. *See Terra Int'l., Inc. v. Mississippi Chem. Corp.* 119 F.3d 688, 696 (8th Cir. 1997)(transfer motion requires the court to consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues). "The party seeking transfer bears the burden of proving that transfer is warranted, and in light of the deference given to a plaintiff's choice of forum, there is a strong presumption in favor of the nonmoving party." *Beckley v. Auto Profit Masters, L.L.C.,* 266 F. Supp.2d 1001, 1006 (S.D.Iowa 2003).

Plaintiff disputes that transfer is warranted. While plaintiff concedes that

-1-

some witnesses reside in the Jonesboro Division, she argues that a number of witnesses are from out of state and that travel to Little Rock is more convenient for those witnesses than travel to Jonesboro.  Plaintiff also contends that she can obtain a fairer jury in Little Rock, given defense counsel's prominence in the Jonesboro area as well as the possibility that potential jurors are familiar with defendant.

Given the strong presumption in favor of plaintiff's choice of forum, and that neither plaintiff nor defendant would be any more convenienced by having the trial in Jonesboro, the Court is persuaded that transfer is not warranted.

Accordingly, the motion to transfer is denied.

IT IS SO ORDERED this 23rd day of August, 2005.

*George Howard, Jr.*
_____
UNITED STATES DISTRICT JUDGE