IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HELLEN S. NASH                                                                          PLAINTIFF

Case Number: **4:05CV00845GH**

JEFFREY A. HALL, M.D.         .                                              DEFENDANT

## ORDER

Pending before the Court is defendant's motion to stay because of a bankruptcy proceeding in the United States Bankruptcy Court for the District of Arizona, ("bankruptcy proceeding."). Defendant asserts that this debt was discharged in the bankruptcy proceeding.

Plaintiff states that the automatic stay of 11 U.S.C. § 362 has expired as the case has been closed. Plaintiff contends that her debt was not therefore discharged. Plaintiff's claim against defendant, which was known to defendant at the time the bankruptcy proceeding was filed, was not listed in the schedule and therefore, according to plaintiff, is excepted from discharge by 11 U.S.C. § 523(a)(3).

Defendant states that he did not include the lawsuit in the bankruptcy schedule because he mistakenly believed that his medical malpractice provider's duty to indemnify him had the effect of eliminating plaintiff as a creditor for bankruptcy purposes.

Defendant states that the failure to list a creditor in a no-assets Chapter 7 bankruptcy, as was the case with defendant, does not make the debt non-dischargeable because, in such a bankruptcy, there are no assets to be distributed and the creditor has not been prejudiced. The courts agree. *See White v. Nielsen (In re: Nielsen)*, 383 F. 3d 922 (9th Cir. 2004); *Zirnhelt v Madaj (In re: Madaj)*, 149 F. 3d 467 (6th Cir. 1998) *Judd v. Wolfe*, 78 F. 3d 110 (3rd Cir. 1996).

In sum, the Court finds that the debt has been discharged and the motion to stay

-1-

is granted.

Defendant has again filed a motion to transfer. The Court previously denied the motion to transfer this case to the Jonesboro Division (see document no. 8). Defendant has not presented any basis for the Court to reconsider its ruling denying the motion. Thus, the motion to transfer is denied.

Also pending before the Court is defendant's motion in limine. Defendant seeks to keep plaintiff from presenting testimony of Dr. John Johnson regarding his personal preferences. Dr. Johnson was a treating general surgeon practicing in Jonesboro who saw plaintiff once. He is not an expert especially retained in connection with this litigation. Defendant contends that Dr. Johnson is not familiar with the standard of care in Pocahontas, Arkansas, where the surgery was performed and his observations should be excluded.

Plaintiff counters that Dr. Johnson's testimony is more of a factual nature, that is whether he would have considered a preoperative CT scan helpful or advisable. Plaintiff asserts that Dr. Johnson would be of assistance to the jury in determining whether defendant acted appropriately in failing to obtain potentially useful information prior to the surgery.

The Court cannot, at this time, find that the testimony is inadmissible. The Court will be in a better position to determine its admissibility when it is proffered.

Accordingly, the motion in limine is denied without prejudice to renew. The motion to stay is granted. The motion to transfer is denied.

IT IS SO ORDERED this 3rd day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE